RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/21/05
BY om

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-50024-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| DONALD CRAIG SCROGGINS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This matter comes before this Court on remand from the Fifth Circuit to determine whether defendant Donald Scroggins is entitled to a new trial based on the interest of justice. See United States v. Scroggins, 379 F.3d 233, 239 (5th Cir. 2004). For the reasons assigned herein, defendant's Motion for New Trial is **DENIED**

Under Federal Rule of Criminal Procedure 33, the district court "may . . . grant a new trial if the interest of justice so requires." Rule 33(a). A motion for new trial "is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial . . . should be invoked only in exceptional cases. . . ." United States v. Robertson, 110 F.3d 1113, 1120 n. 11 (5th Cir. 1997). "Where a court finds that a miscarriage of justice may have occurred at trial, . . . this is classified as such an 'exceptional case' as to warrant granting a new trial in the interests of justice." Id. In considering a motion for new trial, "[t]he trial judge may weigh the evidence and may assess the credibility of the witnesses." Id. at 1117.

Defendant asserts that he is entitled to a new trial in the interest of justice based on the failure of Freddie Young and James Thomas to testify at trial. Defendant further asserts that these witnesses would have given exculpatory testimony that would have impeached the testimony of Earl Buchanan, a key government witness.

In Scroggins, supra, the Fifth Circuit stated that:

> ...[B]ecause we have upheld the district court's finding that the government did not interfere with Young and Thomas, the case for a new trial must be stronger than if the district court had found governmental interference. The absence of governmental misconduct means that the district court should grant the new trial only if it concludes, in the exercise of its discretion, *either* that the jury *probably* would have acquitted Scroggins with the testimonies of Young or Thomas, rather than simply that the jury *might* have acquitted, *or* that had Young and Thomas testified the evidence would so heavily preponderate against the verdict that it would be a miscarriage of justice to let it stand.

379 F.3d at 257 (citations omitted) (emphasis in original).

Buchanan testified at trial that he was arrested in March 2001 on federal charges of distributing crack and powder cocaine. Buchanan pled guilty to these charges after entering into a plea agreement with the government. In August of 2001, Buchanan was sentenced to 23 years and 11 months imprisonment. After Buchanan was sentenced, the government offered and proceeded to file a Rule 35 motion to reduce Buchanan's sentence in exchange for testimony favorable to the government at Scroggins' trial. Buchanan testified at length to these facts during cross-examination. Buchanan also testified regarding contemporaneous letters written by Buchanan and sent to Scroggins about pleading guilty and telling the truth to help himself; these letters bolstered Buchanan's credibility with the Court.

The Court watched Buchanan very closely during the course of his testimony due to a general distrust of evidence "purchased" by the government under the then-mandatory Sentencing Reform Act. Nonetheless, this Court finds that the totality of the circumstantial evidence brought forth at trial was sufficient to make Buchanan believable.

In the interest of efficiency, this Court previously found the testimony of Young and Thomas to be relevant. However, after hearing the proffered substantive testimony of Young and Thomas

at the hearing on the Motion for New Trial, the Court certainly did not find their testimony to be sufficiently credible such that the jury *probably* would have acquitted Scroggins had they testified during the trial. See <u>Scroggins</u>, 379 F.3d at 257.

Accordingly, defendant's motion for new trial must be **DENIED**.