RECEIVED
AUG 2 2 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-50024-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| DONALD CRAIG SCROGGINS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Disqualify District Judge [Doc. #207] filed on behalf of defendant, Donald Scroggins, pursuant to 28 U.S.C. §§ 144 and 455. For the reasons assigned herein, defendant's Motion to Disqualify is **DENIED**

Under 28 U.S.C. § 144, a judge is to recuse himself if a party to the proceeding "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." The affidavit must state the facts and reasons for the party's belief that bias or prejudice exists. Id.

This provision relates only to charges of actual bias. Patterson v. Mobil Oil Corp., 335 F.3d 476, 483 (5th Cir. 2003); Henderson v. Dep't of Pub. Safety & Corr., 901 F.2d 1288, 1296 (5th Cir. 1990). When a party files a §144 motion, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations. Id. A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature. Id.

Two affidavits were submitted with the motion for recusal. One affidavit was that of defendant, and the other was of his attorney. Both affiants base their assertions of bias on a phone

call from this Court, through its law clerk, advising counsel that the Court intended to give defendant the same sentence on remand and, in light thereof, asking counsel whether he wanted Scroggins to appear in Court. Declaration of F. Clinton Broden, ¶3; Declaration of Donald Scroggins, ¶3. Affiants further assert that the Court expressed concern over the expense to the government for transporting defendant for resentencing when the same sentence would issue. Id. Scroggins also bases his allegation of bias on the following judicial actions:

> (1) "Judge Walter, without analysis, credited hearsay information from a witness that would result in the imposition of a life sentence against me when same witness testified inconsistently under oath so that his testimony under oath would not have required the imposition of a life sentence";
>
> (2) "Judge Walter denied my new trial motion, stating that I did not meet the materiality standard of showing that the verdict would 'probably' be different. Nevertheless, Judge Walter never gave me a chance to meet this standard by presenting further evidence when, at the earlier hearing on the new trial motion, he refused to allow my counsel to establish the further materiality of the testimony after he ruled that the evidence was important and 'could' have made a difference"; and
>
> (3) Judge Walter never addressed the issue on remand of whether "his erroneous denial of my motion to inspect the presentence reports of various witnesses, a denial that was contrary to two Fifth Circuit cases exactly on point, would justify a new trial."

Declaration of Donald Scroggins, ¶¶ 4-6.

The affidavits provided are not legally sufficient in that they fail to state facts showing that any alleged bias is personal. Because the affidavits are legally insufficient under §144, there is no need to refer this matter to another judge, see Henderson, 901 F.2d at 1296, and there is no basis for recusal.

Scroggins also files his motion for recusal pursuant to 28 U.S.C. § 455, and alleges that recusal is required because (1) the Court denied defendant's new trial motion without first holding

a hearing "after originally denying Mr. Scroggins an opportunity to develop the 'probably would have made a difference' standard"; (2) the Court did not review the Presentence Reports of key witnesses "to determine if the failure to review the reports for *Giglio* and *Brady* material justified a new trial"; (3) after denying the motion for new trial, the Court "failed to make a new determination 'with respect to the quantity of crack cocaine' attributed to Mr. Scroggins as required on remand; (4) the Court "predetermined" Mr. Scroggins' sentence "in hopes of saving money for one of the parties . . . render[ing] Mr. Scroggins' rights under *Booker* and Fed. R. Crim. P. 32 useless"; and (5) the Court imposed an "extremely large" fine on defendant's trial counsel "without any of the benefits of due process." See Motion to Disqualify, pp. 4-5.

A judge shall disqualify himself under §455(a) "in any proceeding in which his impartiality might reasonably be questioned." Courts have interpreted this statute to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860-861, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

Scroggins has failed to show any question concerning this Court's bias or that this Court has any personal, extrajudicial bias against Scroggins. Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Scroggins has not shown that either situation applies here.

The only extrajudicial event at issue concerns a phone call from the Court's law clerk to defense counsel. On July 21, 2005, the Court's law clerk contacted defense counsel and advised him

3

that the Motion for New Trial was denied and that the matter would be set for resentencing. Defense counsel was further advised that the Court was considering imposing the same sentence. Defense counsel was then asked whether his client would be interested in waiving his appearance at resentencing.

The Court did not question Scroggins' constitutional right to be present at resentencing. It has long been recognized that a defendant has a right to be present and to allocute at a proceeding where a new sentence will be imposed after the original sentence has been set aside. United States v. Moree, 928 F.2d 654, 655-56 (5th Cir. 1991). However, under Federal Rule of Criminal Procedure 43, a defendant may voluntarily waive that right.[1] No order issued demanding that Scroggins waive his appearance. Defendant was not obligated to, and, in fact, did not, waive his right to appear at resentencing.

Further, the Court notes that reliance upon imposition of a fine upon defendant's trial counsel is misplaced as bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or

---

[1]Federal Rule of Criminal Procedure 43(c) provides that "[a] defendant who was initially present at trial . . . waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing . . . ." Fed. R. Cr. P. 43(c)(1)(B). Rule 43 further provides that "[i]f the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing during the defendant's absence." Fed. R. Cr. Pr. 43(c)(2). The notes published when Rule 43 was adopted state that:

> The purpose of [Rule 43(c)(2)] is to resolve a doubt that at times has arisen as to whether it is necessary to bring the defendant to court from an institution in which he is confined, possibly at a distant point, if the court determines to reduce the sentence previously imposed. It seems in the interest of both the Government and the defendant not to require such presence, because of the delay and expense that are involved.

Rule 43, Advisory Committee Notes, 1944 Adoption n. 4.

against the party itself. Henderson, 901 F.2d at 1296. In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney or in favor of another attorney because of his conduct. Id. The evidence before this Court fails to show that the Court had a continuing and personal bias against defendant's trial counsel.

In light of all of the facts before this Court, no reasonable person, knowing all of the facts, would harbor doubts about this judge's impartiality. Accordingly, defendant's Motion to Disqualify should be **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE