
RECEIVED
AUG 22 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 02-50024-01** |
| versus | **JUDGE DONALD E. WALTER** |
| **DONALD CRAIG SCROGGINS** | **MAGISTRATE JUDGE PAYNE** |

### SUPPLEMENTAL MEMORANDUM RULING

In the Memorandum Ruling [Doc. #205] issued on July 21, 2005 addressing defendant, Donald Scroggins's, Motion for New Trial [Doc. #138], the Court neglected to state that an in camera inspection of the presentence reports (PSRs) of Earl Buchanan and Gregory Byrd was conducted in accordance with the Fifth Circuit's remand. See United States v. Scroggins, 379 F.3d 233, 264 (5th Cir. 2004). The Court found no material Brady or Giglio information in their PSRs.[1] Accordingly, failure to provide Scroggins this information was harmless.

Further, with regard to the materiality of the testimony of Freddie Young and James Thomas, the Fifth Circuit stated that "in considering Scroggins's new trial motion in the interest of justice on remand, the district court *may* need to hold a further hearing (if timely and properly requested to do so)." Id. at 258 (emphasis added).

According to the records of this Court, Scroggins has been represented by his presently retained counsel since May 5, 2003 when an Order admitting counsel pro hac vice was issued. The Fifth Circuit issued its first opinion in this matter as mandate on September 2, 2004. On January 24, 2005, the United State Supreme Court entered an Order granting defendant's petition for writ of

---

[1] As required by the Fifth Circuit, the PSRs of Buchanan and Byrd are made part of this Ruling but will be placed under seal. See Scroggins, 379 F.3d at 264.

certiorari, vacating the judgment and remanding this matter to the Fifth Circuit for further consideration in light of Booker. On June 6, 2005, the Fifth Circuit again vacated defendant's sentence and remanded the matter to this Court for resentencing, if necessary, in light of Booker. The Fifth Circuit further stated that "[i]n all other respects our prior disposition remains in effect." United States v. Scroggins, 411 F.3d 572, 578 (5th Cir. 2005). This Court did not issue the Memorandum Ruling on defendant's Motion for New Trial until July 21, 2005, forty-five days after the Fifth Circuit issued its second opinion in this matter. At no time did defense counsel request that a hearing be held, as suggested by the Fifth Circuit in its first opinion. Regardless, this Court finds that no such hearing was warranted.

The Court stands by its previous ruling that the interest of justice did not demand further hearing in this matter or a new trial.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE