RECEIVED

NOV 1 7 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 02-50024-01** |
| **versus** | **JUDGE DONALD E. WALTER** |
| **DONALD CRAIG SCROGGINS** | **MAGISTRATE JUDGE PAYNE** |

## SECOND SUPPLEMENTAL MEMORANDUM RULING

In ruling that the testimony of Young and Thomas was not "sufficiently credible such that the jury *probably* would have acquitted Scroggins had they testified during the trial," the Court also covered the second part of the test on a motion for new trial, as stated by the Fifth Circuit in United States v. Scroggins, 379 F.3d 233, 257 (5th Cir. 2004). In other words, this Court finds that, with the additional testimony of Young and Thomas, the evidence would **not** "*preponderate heavily against the verdict*, such that it would be a *miscarriage of justice* to let the verdict stand." Id. (citations and internal quotations omitted). It should be remembered that this Court had the opportunity to observe Young and Thomas at the hearing on the question of government misconduct and found them incredible. As to the question of finding their evidence "material" or "important," this Court **assumed** those factors for the purpose of the hearing on governmental misconduct.

This Court has assumed that the second disjunctive was subsumed in the first. However, the Court issues this Second Supplemental Memorandum Ruling out of an abundance of caution and, again, stands by its previous ruling that the interest of justice did not demand a new trial.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE